**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:20-CV-689-RJC-DCK**

| | |
|---|---|
| DAVID ABRAHAM CARMELY, and MICHAL BARAMI CARMELY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) **CONFIDENTIALITY AND** ) **PROTECTIVE ORDER** ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on the Government's "Consent Motion For Confidentiality And Protective Order" (Document No. 26) filed May 25, 2022. Having carefully considered the motion and the record, the undersigned will grant the motion and enter the parties' proposed Consent Confidentiality And Protective Order as follows.

**IT IS, THEREFORE, ORDERED** that:

1. Pursuant to 5 U.S.C. § 552a(b)(11), Defendant may produce certain documents pertaining to the USPS mail carrier involved as driver of the mail vehicle involved in the accident with the Plaintiff David Carmely and his motorcycle, and containing personally identifiable information or sensitive personal information such as personnel records and non-public files. Such documents, that are produced or revealed at any time during and as a result of this lawsuit, shall be considered "CONFIDENTIAL PRIVACY ACT MATERIAL" hereunder, if so designated, in the case of documents, in writing, at the time of production in the manner described herein, and may be produced in un-redacted format to the Plaintiff except that any personally identifiable information or sensitive personal information of persons other than Plaintiffs or persons identified

and disclosed as potential witnesses, if contained in such records, shall be redacted. Even where a producing party fails to so redact PII, such materials shall be first redacted by the party (including the receiving party) filing such papers with any court or disclosing them to non-parties, except as specifically provided herein.

2. The term "Documents" includes all manner and form by which information is recorded or reproduced, including by way of illustration, and not by way of limitation, the following items: electronically stored information, computer files, computer printouts, computer data and summaries, electronic mail, photographs, videotapes, audiotapes, films, digital recordings, CDs, notes, correspondence, letters, and written or recorded communications of any nature.

3. Depositions shall not be deemed CONFIDENTIAL PRIVACY ACT MATERIAL, although the exhibits attached to them may be deemed CONFIDENTIAL PRIVACY ACT MATERIAL if designated "CONFIDENTIAL PRIVACY ACT MATERIAL." Any party may designate portions of the deposition testimony as "CONFIDENTIAL PRIVACY ACT MATERIAL" at the time of taking the deposition or within 30 days after receipt of the deposition transcript or within 30 days of entry of this Order by the Court, whichever is later.

4. Privilege Logs shall not be CONFIDENTIAL PRIVACY ACT MATERIAL.

5. Except as set forth herein, all CONFIDENTIAL PRIVACY ACT MATERIAL disclosed in discovery of this action shall be used by the parties solely for purposes of prosecuting or defending this litigation, and shall not be used for any other purpose except as permitted by this Protective Order or by the Court; and specifically:

(a) Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United

States, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order; and

(b) Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated confidential documents to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the designated confidential documents have been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

6. Documents may be designated as containing CONFIDENTIAL PRIVACY ACT MATERIAL by stamping the document "CONFIDENTIAL PRIVACY ACT MATERIAL" or any other reasonable means which places the other party on notice that the documents are considered CONFIDENTIAL PRIVACY ACT MATERIAL.

7. All documents designated "CONFIDENTIAL PRIVACY ACT MATERIAL" shall be maintained in confidence by the entity or person to which such documents are produced or given, and shall not be disclosed to any person, without prior court approval, except:

(a) The Court (including court reporters, stenographic reporters, videographers, and court personnel);

(b) The attorneys of record, partners, and employees of the attorneys of record;

(c) Any other person as to whom the producing party making the "CONFIDENTIAL PRIVACY ACT MATERIAL" designation agrees in writing before disclosure to the other person;

(d) Any party to this litigation, including employees thereof;

(e) Any witness or prospective witness, including, without limitation, expert witnesses, to the extent that CONFIDENTIAL PRIVACY ACT MATERIAL to be reviewed by the witnesses is or may be relevant to testimony to be provided by the witness.

(f) Any expert consultant used by counsel for a party to assist in preparation or trial of this case; and

(g) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Any person reviewing CONFIDENTIAL PRIVACY ACT MATERIAL pursuant to (c) – (g), shall be provided with a copy of this Confidentiality and Protective Order and instructed that they are reviewing the information subject thereto.

8. All documents designated by a producing party as "CONFIDENTIAL PRIVACY ACT MATERIAL" shall be stored and maintained at the offices of attorneys of record or in their custody and control, except that copies thereof may be provided to persons permitted to review such documents pursuant to paragraph 7 hereof.

9. The restrictions set forth in the preceding paragraphs shall not apply to information which: (a) is or becomes public knowledge, in a manner not involving a violation of this Order; (b) is acquired by the non-designating party from a third party lawfully in possession of such information and having no obligation to the owner thereof, or (c) was in the lawful possession of

4

the non-designating party who has no obligation to the owner thereof of any party.

10. This Order shall be without prejudice to the right of any party to bring before the Court by motion, at any time, the question of whether any information has been improperly designated as CONFIDENTIAL PRIVACY ACT MATERIAL, in which event the party asserting confidential status shall have the burden of establishing the same.

11. No party shall be obligated to challenge the propriety of any designation of CONFIDENTIAL PRIVACY ACT MATERIAL, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

12. The ultimate disposition of protected materials is subject to a final order of the Court upon the completion of litigation.

13. Production and use of CONFIDENTIAL PRIVACY ACT MATERIAL at trial is the province of the presiding trial judge, and the terms of this Order do not control the production and use of CONFIDENTIAL PRIVACY ACT MATERIAL at trial.

14. The production or disclosure of CONFIDENTIAL PRIVACY ACT MATERIAL pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL PRIVACY ACT MATERIAL during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the authenticity, relevancy, admissibility, discoverability and/or any other objection under the Federal Rules of Civil Procedure, Federal Rules of Evidence and/or the applicable substantive law, in connection with any proceeding in this action.

15. If any such CONFIDENTIAL PRIVACY ACT MATERIAL is used in connection with a deposition or other discovery or documents filed with the Court, the deposition transcript, filing or paper shall be submitted to the Court with a request that the document be placed under

seal and appropriately marked to indicate that the transcript, filing or paper is subject to the terms of this Order and the clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs;

16. The inadvertent, unintentional or *in camera* disclosure of CONFIDENTIAL PRIVACY ACT MATERIAL shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

17. Either party may at any time seek modification of this Confidentiality and Protective Order by agreement, or failing agreement, by motion to the court.

18. After the termination of this case, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction for the enforcement of the provisions of this Order.

**SO ORDERED**.

Signed: May 25, 2022

David C. Keesler
United States Magistrate Judge

CONSENTED TO:

| | |
|---|---|
| **DENA J. KING**<br>United States Attorney<br><br><br>**s/James B. Gatehouse**<br>Assistant United States Attorney<br>N.C. Bar No. 22811<br>227 W. Trade Street, Suite 1650<br>Charlotte, NC 28202<br>Tel: 704-344-6222<br>Fax: 704-344-6629<br>James.Gatehouse@usdoj.gov<br>*Attorneys for Defendant* | **s/M. Heath Gilbert, Jr.**<br>N.C. Bar No. 27851<br>Baucom, Claytor, Benton, Morgan & Wood, P.A.<br>200 Providence Road, Suite 106<br>Charlotte, NC  28207<br>(704) 376-6527<br>hgilbert@baucomclaytor.com<br><br>**s/Matthew J. Norris**<br>NC Bar No. 26978<br>Norris Law Group, P.C.<br>525 N. Tryon St., Suite 1600<br>Charlotte, NC 28202<br>704-331-3981<br>mjnorris@norrislglaw.com<br><br>*Attorneys for Plaintiffs* |