**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:20-cv-00689-RJC-DCK**

| | |
|---|---|
| **DAVID ABRAHAM CARMELY and MICHAL BARAMI CARMELY,** ) ) ) | |
| **Plaintiffs,** ) ) | |
| **v.** ) ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) ) ) | |
| **Defendant.** ) ) | |

**THIS MATTER** is before the Court on Defendant United States of America's motion for partial summary judgment and motion for dismissal for lack of subject matter jurisdiction (Doc. No. 35). The Carmelys' action arises under the Federal Tort Claims Act ("FTCA") and stems from a road collision between David Carmely and a United States Postal Service carrier, Tammy Miller. Following that collision, the Carmelys brought claims for negligence, gross negligence, and loss of consortium, (Doc. No. 1), and the United States moved for summary judgment on the Carmelys' gross negligence claim and for summary judgment or dismissal of Michal Carmely's loss of consortium claim to the extent that claim seeks damages beyond $25,000. (Doc. No. 35).

Because the Carmelys demonstrate a genuine dispute of material fact as to their claim for gross negligence, and because Michal Carmely's loss of consortium claim is both derivative of her husband's claims and limited by her administrative claim – that is, limited to damages of $25,000 – the United States' motion for partial summary judgment and motion for dismissal for lack of subject matter jurisdiction (Doc. No. 35) is **GRANTED IN PART** and **DENIED IN PART**.

I. **STANDARD OF REVIEW**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. *Id.* The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citations omitted). "The burden on the moving party may be discharged by 'showing' . . . an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. *Id.* at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Sylvia Dev. Corp. v. Calvert Cty., Md.*, 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586

(2009) (internal citations omitted). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Id.* at 249-50.

## II. DISCUSSION

The United States' motion addresses two of the Carmelys' four claims: gross negligence and loss of consortium. The United States first argues that a reasonable factfinder could not return a verdict in favor of the Carmelys on their gross negligence claim under North Carolina law because the Carmelys fail to show willful or wanton conduct on the part of Ms. Miller. (Doc. Nos. 35, 37). Though the question is a close one, viewing the evidence and any inferences from the evidence in the light most favorable to the Carmelys, the United States fails to demonstrate that Ms. Miller's actions could not constitute gross negligence as a matter of law.[1] Thus, in light of such failure and the impending bench trial, the United States' motion for partial summary judgment is denied as to the Carmelys' gross negligence claim.

The United States next argues that Michal Carmely's loss of consortium claim is limited to the amount of her previous administrative claim, or $25,000, under 28 U.S.C. 2675(b), which provides that an action under the FTCA "shall not be instituted for any sum in excess of the amount

---

[1] *Compare Blue v. Hill*, No. 5:18-CV-00445-M, 2020 WL 4677669, at *6-7 (E.D.N.C. Aug. 12, 2020) (granting summary judgment on a gross negligence claim under North Carolina law where a driver caused a collision by unsuccessfully attempting to change lanes), *and Justice v. Greyhound Lines, Inc.*, No. 5:16-CV-132-FL, 2018 WL 1570804, at *3-6 (E.D.N.C. Mar. 30, 2018) (granting summary judgment on a gross negligence claim under North Carolina law where a driver caused a collision by driving too fast for conditions), *with Wilson v. Associated Petroleum Carriers, Inc.*, No. 1:21 CV 158-MR-WCM, 2022 WL 2092653, at *3-4 (W.D.N.C. Apr. 11, 2022), *report and recommendation adopted*, No. 1:21-CV-00158-MR-WCM, 2022 WL 2080865 (W.D.N.C. June 9, 2022) (denying a motion to dismiss on a gross negligence claim under North Carolina law where a driver caused a collision by failing to slow down in a work zone), *and Pracht v. Saga Freight Logistics, LLC*, No. 3:13-CV-529-RJC-DCK, 2015 WL 5918037, at *4-6 (W.D.N.C. Oct. 9, 2015) (denying summary judgment on a gross negligence claim under North Carolina law where a driver caused a collision by driving excessively slow on the interstate).

of the claim [previously] presented to the federal agency." (Doc. No. 35). Moreover, the United States notes that Michal Carmely's loss of consortium claim is derivative of her husband's claims under North Carolina law, and thus, her claim will necessarily fail if his claims do.

The United States is correct, *see Lebron v. United States*, 279 F.3d 321, 329 (5th Cir. 2002) (discussing damages limitations under the FTCA); *Nicholson v. Hugh Chatham Mem'l Hosp., Inc.*, 300 N.C. 295, 304, 266 S.E.2d 818, 823 (1980) (characterizing loss of consortium claims as derivative), and the Carmelys agree on both counts: "Plaintiff Michal Barami Carmely is willing to concede that her claim for loss of consortium is derivative of the claim of Plaintiff David Abraham Carmely and that her damages are limited to $25,000.00 pursuant to the FTCA. Plaintiffs hereby consent to the issuance of an Order by the Court providing the same …." (Doc. No. 36). Therefore, the United States' motion is granted as to Michal Carmely's loss of consortium claim, and Michal Carmely's damages under her loss of consortium claim are limited to $25,000.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the United States' Motion for Partial Summary Judgment and Motion for Dismissal for Lack of Subject Matter Jurisdiction (Doc. No. 35) is **GRANTED IN PART** and **DENIED IN PART**.

Signed: February 14, 2023

_____
Robert J. Conrad, Jr.
United States District Judge