UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00689-RJC-DCK

| DAVID ABRAHAM CARMELY and MICHAL BARAMI CARMELY, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** comes before the Court on the Parties' motions in limine. (Doc. Nos. 59, 62, 63, 66). In the interest of providing the parties with the Court's rulings ahead of trial, the Court below lists the Parties' relevant filings by docket number, a summary of the request, and the Court's ruling.

I. **PLAINTIFFS' REQUEST**

| Doc. No. | Request | Ruling |
|---|---|---|
| 59 | Plaintiffs' Request: The testimony of Dr. Carstairs should not be allowed. | The Plaintiffs' request is **DENIED**. The evidence is relevant under Fed. R. Civ. P. 401, and its probative value is not substantially outweighed by the danger of unfair prejudice under Fed. R. Civ. P. 403. |

## II. DEFENDANT'S REQUESTS

| Doc. No. | Request | Ruling |
|---|---|---|
| 62 | Defendant's Request: Exclude any evidence of Plaintiff's medical expenses that exceeds the amount actually paid or necessary to satisfy the bills that have been incurred but not yet satisfied. | The Defendant's request is **GRANTED.** "Evidence offered to prove past medical expenses shall be limited to evidence of the amounts actually paid to satisfy the bills that have been satisfied, regardless of the source of payment, and evidence of the amounts actually necessary to satisfy the bills that have been incurred but not yet satisfied." N.C.G.S. § 8C-1, Rule 414 ("the Rule"). Plaintiff seeks to admit the evidence on two bases: first, that Rule 414 prohibits admission, but not necessarily "viewing" of this evidence by the trier of fact, and second, that Rule 414 is inconsistent with N.C. Gen. Stat. § 8-58.1, which addresses the reasonableness of medical bills.<br><br>As a threshold matter, the Court will apply Rule 414 because the Rule is substantive law. Law is substantive when its application may "significantly affect the result of litigation." *Lauer v. United States*, No. 1:12-cv-41, 2013 WL 566124, at *3 (W.D.N.C. Feb., 13, 2013); *see also Sigmon v. State Farm Mut. Auto. Ins. Co.*, No. 517CV00225KDBDCK, 2019 WL 7940194, at *1 (W.D.N.C. Nov. 14, 2019) (applying Rule 414 as substantive law); *Hairston v. Harward*, 821 S.E.2d 384, 392 (N.C. 2018) (stating that the North Carolina Supreme Court has treated the collateral source rule as a substantive rule of law concerning damages); *Nicholson v. Thom*, 763 S.E.2d 772, 789 n.19 (N.C. Ct. App. 2014) ("In 2011, the collateral source rule was abrogated by Rule 414 of the North |

| Doc. No. | Request | Ruling |
|---|---|---|
| | | Carolina Rules of Evidence with regard to evidence of past medical expenses."). |
| | | In *Sigmon*, this Court refused to allow comparable evidence offered to prove past medical bills because "Rule 414 plainly prohibits Plaintiff from introducing evidence of his medical bills in excess of the amount actually paid or due to prove his past medical expenses." *Sigmon*, 2019 WL 7940194, at *1. The *Sigmon* court did, however, allow the evidence for other reasons where the plaintiff sought damages related to "bad debt or uncollectible write-offs." *Id.* at *1. |
| | | Here, Plaintiffs offer no other reason for admission than for expanding the universe of evidence available to the trier of fact: "By limiting what the Court can even view to make its decision, the Court will be limited in its ability to make a decision." (Doc. No. 71). Such a limit is the purpose of Rule 414, and the fact that the Court, instead of a jury, will act as a factfinder in this trial does not permit admission of otherwise inadmissible evidence. |
| | | Plaintiffs also note that Rule 414 seems to contradict N.C. Gen. Stat. § 8-58.1, which provides guidelines for testifying to the reasonableness of medical bills. *See Sykes v. Vixamar*, 266 N.C. App. 130, 138, 830 S.E.2d 669, 675 (2019) ("Evidence that the hospital would accept less than the amount claimed in a medical lien to satisfy the underlying bill is admissible to challenge the reasonableness of the bill.") (citing N.C. Gen. Stat. § 8-58.1). |

| Doc. No. | Request | Ruling |
|---|---|---|
| | | Here, the parties have already stipulated (or agreed to stipulate) as to the reasonableness of the medical bills. In any event, Plaintiffs do not claim to offer this evidence to prove the reasonableness of the bills, but instead to give the factfinder "all information." Thus, Defendant's motion is granted, and Plaintiff's evidence of past medical expenses will be limited, under Rule 414, "to evidence of the amounts actually paid to satisfy the bills that have been satisfied." |
| 63 | <u>Defendant's Request</u>: Partially exclude testimony of Deborah Caskey, one of Plaintiffs' retained experts, exceeding or inconsistent with her initial, timely report of such expert and as reflected in a subsequent untimely report that substantially expands Ms. Caskey's anticipated testimony. | The Defendant's request is **DENIED.** Ms. Caskey's supplemental expert report is admissible under Fed. R. Civ. P. 26 because her updated report is based on new information. Thus, because the supplemental report is timely and because the expert testimony is relevant and reliable as required by Fed. R. Civ. P. 702, Defendant's motion is denied. |
| 66 | <u>Defendant's Request</u>: Exclude the records attached as Doc. No. 66-1 and any testimony offered by Plaintiffs concerning the "amputation" subject matter to which they relate. | The Defendant's request is **DENIED.** The evidence is relevant under Fed. R. Civ. P. 401, and its probative value is not substantially outweighed by the danger of unfair prejudice under Fed. R. Civ. P. 403. |

Signed: March 1, 2023

Robert J. Conrad, Jr.
United States District Judge